ANNE E. LOPEZ                          7609
Attorney General of Hawai'i

KALIKO'ONĀLANI D. FERNANDES   9964
Solicitor General of Hawai'i
EWAN C. RAYNER                         10222
ANDREW Z.M. TEOH                       12098
Deputy Solicitors General
Department of the Attorney
 General, State of Hawai'i
425 Queen Street
Honolulu, Hawai'i 96813
Tel:  (808) 586-1360
E-mail:  ewan.rayner@hawaii.gov
         andrew.zm.teoh@hawaii.gov

Attorneys for ANNE E. LOPEZ, in her official
capacity as the Attorney General of the State of Hawai'i

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JOHNATHON SOLINSKY, HAWAII RIFLE ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>ANNE E. LOPEZ, in her official capacity as Attorney General of the State of Hawai'i,<br><br>Defendant. | CASE NO. 1:26-cv-00117-JAO-RT<br><br>**STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION** |

## STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION

1.      IT IS ORDERED AND ADJUDGED that JUDGMENT is entered against Defendant ANNE E. LOPEZ, in her official capacity as the Attorney General of the State of Hawai'i ("Defendant") and in favor of Plaintiffs JOHNATHON SOLINSKY and HAWAII RIFLE ASSOCIATION ("Plaintiffs") in accordance with the terms set forth below.

2.      Plaintiffs filed a Complaint asserting claims pursuant to 42 U.S.C. § 1983, U.S. Const. amend. II, and the Declaratory Judgment Act.

3.      Defendant (as well as her officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this injunction) is hereby permanently enjoined from enforcing, against Plaintiffs and Plaintiff HAWAII RIFLE ASSOCIATION's members, Hawai'i Revised Statutes (HRS) § 134-9(a)(5), as currently written, to the extent that it prohibits non-residents of the State of Hawai'i from obtaining a license to carry a pistol or revolver and ammunition concealed on the individual's person on the basis of their residency.

4.      This Stipulated Final Judgment and Permanent Injunction shall not be construed to apply to or affect in any way any other case that is or may be pending pertaining to issues involving HRS chapter 134 or the Second Amendment to the United States Constitution.

2

5.      The Court has jurisdiction over the subject matter of this action, except with respect to Plaintiffs' damages claims, and over all parties to this action. The Court shall retain jurisdiction over this action for the purpose of implementing and enforcing this Stipulated Final Judgment and Permanent Injunction.

6.      IT IS ORDERED AND ADJUDGED that JUDGMENT is entered against Defendant in the amount of thirty-five thousand dollars ($35,000) for payment of attorneys' fees and costs, subject to necessary legislative approval, made payable to the Law Office of Kevin O'Grady, LLC. The payment shall also include post-judgment interest pursuant to 28 U.S.C. § 1961. Should any State executive or legislative entity from which approval is necessary decline approval of this payment, this Stipulated Final Judgment and Permanent Injunction shall be null and void and shall be set aside. If the Stipulated Final Judgment and Permanent Injunction becomes null and void and is set aside, as described in this paragraph, Defendant agrees that the signing of this Stipulated Final Judgment and Permanent Injunction and any delay in litigation caused by its signing will not be used as a basis to negate Plaintiffs' claim of irreparable harm.

7.      As consideration for this payment, Plaintiffs unconditionally release, acquit, and discharge Defendant from all claims and causes of action arising from the facts alleged in the instant lawsuit.

3

8.      Defendant consents to the entry of this Stipulated Final Judgment and Permanent Injunction without admitting liability and without admitting the allegations in the Complaint. Nothing in this Stipulated Final Judgment and Permanent Injunction shall be construed as an admission of a violation of any right by or on the part of Defendant with respect to any person.

9.      To the maximum extent authorized under State law, the Attorney General shall direct her agents and all other persons under her authority to comply with the terms of this Injunction and will direct all persons under the legal authority of the Attorney General not to enforce HRS § 134-9(a)(5) as specifically set forth in this Injunction.

10.     The Attorney General shall advise all county governments and chiefs of police within the State regarding the existence of this Injunction and will further advise all county governments and chiefs of police within the State to comply with the terms of this Injunction.

DATED:  Honolulu, Hawaiʻi, April 15, 2026.

/s/ *Ewan C. Rayner*

EWAN C. RAYNER
ANDREW Z.M. TEOH

Attorneys for Defendant ANNE E. LOPEZ,
in her official capacity as the Attorney
General of the State of Hawaiʻi

/s/ *Alan A. Beck*

ALAN ALEXANDER BECK
KEVIN GERARD O'GRADY

Attorneys for Plaintiffs
JOHNATHON SOLINSKY,
HAWAII RIFLE ASSOCIATION

IT IS SO ORDERED, ADJUDGED, AND DECREED:

Jill A. Otake
United States District Judge

*Solinksy v. Lopez*, 1:26-cv-00117-JAO-RT, STIPULATED FINAL JUDGMENT
AND PERMANENT INJUNCTION